IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY JAMES,
    Plaintiff,

vs.           3:06CV25/MCR/MD

DEPARTMENT OF CORRECTIONS, et al.
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on December 6, 2005 in the Middle District of Florida, naming the Department of Corrections and at least nine other individuals as defendants. He has also filed a motion for leave to proceed *in forma pauperis*, which has been granted by separate order entered on this date.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the amended complaint, it appears this case should be dismissed as malicious.

On page five of the complaint form, under Previous Lawsuits, section IV(B) is the following question: "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to our imprisonment or conditions thereof?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no." (Doc. 1, p. 5). In the blank spaces that follow, plaintiff has provided no information about previous lawsuits.

Further down on page five and six of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?  If so, identify these suits below by providing the case number, the style, and the disposition of each case:"  Plaintiff has not provided any information in the space below.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing is true and correct." (Complaint, p. 10).  Thus, plaintiff has in effect stated under oath that he has had no lawsuits in federal court that dealt with the same or similar facts involved in this action, or otherwise related to his imprisonment or conditions thereof, and none that were dismissed for failure to state a claim upon which relief may be granted.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  Further, in the light of 28 U.S.C. § 1915(g)[1], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[2]

Upon review of the file, the Clerk has advised, and this Court may take judicial notice, that plaintiff has previously filed the following cases in the Middle District of Florida, each of which was dismissed on April 6, 2004 for failure to state a claim:

   8:04cv486/JDW James v. Hillsborough County Sheriff's Office

---

[1] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

[2] "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted."  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

*Case No: 3:06cv25/MCR/MD*

  8:04cv488/JDW James v. Hillsborough County Sheriff's Office

Furthermore, plaintiff has filed the following civil rights case relating to his imprisonment and the terms of his confinement:

  3:05cv701/JHM/TEM James v. State of Florida, Department of Corrections.

This case was dismissed without prejudice for plaintiff's failure to provide proof of exhaustion, and because his claim had not properly accrued because the disciplinary report for which he sought damages had not yet been overturned.

  The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to two questions on the complaint form, as detailed above.  Plaintiff knew, from reading the complaint form, that disclosure of all prior actions was required and that dismissal of this action may result from his untruthful answers.  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this court should not allow plaintiff's false responses to go unpunished.  The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  See, e.g., *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

  Accordingly, it is respectfully RECOMMENDED:

  That this cause be dismissed without prejudice as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.[3]

---

  [3]Dismissal of this action does not relieve plaintiff of the obligation to pay the full filing fee in this case.

*Case No: 3:06cv25/MCR/MD*

At Pensacola, Florida, this 18th day of May, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).